■ WINSTON RESOURCES, INC., Appellant, v RICHARD GLEHAN et al., Respondents, et al., Defendant. [710 NYS2d 635] —In an action, *inter alia,* pursuant to Debtor and Creditor Law article 10, to set aside as fraudulent a certain transfer of real property, the plaintiff, Winston Resources, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered September 20, 1999, as granted the motion of the defendants Richard Glehan and Sharon Glehan pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and (2) from an order of the same court, entered October 6, 1999, which, *sua sponte,* amended the earlier order by cancelling a notice of pendency filed by the plaintiff on February 17, 1999.

Ordered that on the Court's own motion, the plaintiff's notice of appeal is treated as an application for leave to appeal from the order entered October 6, 1999, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order entered September 20, 1999, is reversed insofar as appealed from, on the law, and the complaint is reinstated; and it is further,

Ordered that the order entered October 6, 1999, is reversed, on the law, and the notice of pendency is reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Pursuant to a 1993 judgment of divorce, the defendant Richard Glehan transferred his one-half interest in the subject real property to his now ex-wife, the defendant Sharon Glehan. However, Richard Glehan, who, as of the commencement of this action, still resided with Sharon Glehan in the former marital home which is the subject real property, was a guarantor of an outstanding 1990 promissory note held by the

plaintiff, Winston Resources, Inc. The plaintiff commenced this action to have the transfer set aside as fraudulent under Debtor and Creditor Law §§ 273 and 276.

Debtor and Creditor Law § 273 states: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

Debtor and Creditor Law § 276 states: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

Contrary to the determination reached by the Supreme Court, the Glehans did not submit documentary evidence which conclusively established a defense to the asserted claims as a matter of law (*see, Held v Kaufman,* 91 NY2d 425, 430-431; *Wall St. Assocs. v Brodsky,* 257 AD2d 526; *Grumman Aerospace Corp. v Rice,* 199 AD2d 365). Accordingly, the Supreme Court erred in dismissing the complaint pursuant to CPLR 3211 (a) (7).

In light of our determination, the notice of pendency must be reinstated, and we need not address the propriety of the cancellation thereof. Bracken, J. P., Friedmann, Luciano and Smith, JJ., concur.