■ William C. Needham, Jr., Appellant, v Melanie A. C. Needham, Respondent. [724 NYS2d 609] —Judgment, Supreme

Court, New York County (Walter Tolub, J.), entered April 16, 1999, *inter alia*, equitably distributing the parties' marital property, arranging custody of the parties' children, and directing plaintiff to pay defendant $25,000 in counsel fees for willful failure to disclose financial information, unanimously affirmed, without costs.

Assuming, as plaintiff claims, that most of the stock constituting the primary marital asset was obtained either prior to the marriage or by way of a gift, it remains that its increase in value was attributable to his efforts as a director of and consultant to the issuing company, and that defendant indirectly contributed to those efforts as a homemaker for plaintiff and caregiver for the children. Therefore, the increase in value of the stock, properly reckoned from 0 where plaintiff failed to offer any evidence of its value at the times of acquisition, constituted marital property subject to equitable distribution (*see*, Domestic Relations Law § 236 [B] [1] [d] [3]; *Price v Price*, 69 NY2d 8). The valuation of plaintiff's stock options, and the inclusion thereof in the distributive award to defendant, were proper exercises of discretion (*see*, Domestic Relations Law § 236 [B] [4] [b], [5] [e]). Plaintiff shows no basis for disturbing the trial court's custody arrangements or its imputation of income to the parties for the purpose of calculating child support, and does not present a sufficient record to review the award of counsel fees for his willful obstruction of discovery. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Buckley and Friedman, JJ.