■ MARC KATZMAN, Appellant, v MADELEINE KATZMAN, Respondent. [725 NYS2d 849] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered March 30, 2000, in an action for divorce, *inter alia*, awarding defendant wife maintenance of $2,000 a month for 24 months, 50% of plaintiff husband's interests in various businesses and savings and securities accounts, and 100% of the reasonable value of her attorneys' fees for services and expenses performed or incurred in this action as well as a prior divorce action that was dismissed prior to trial, unanimously affirmed, without costs.

While the trial court could have been clearer in listing the factors it considered in distributing the marital property, the record shows that the decision was properly based upon the parties' respective income and property at the time of the marriage and commencement of the action, the duration of the marriage, the parties' age and health, the parties' probable future financial circumstances, problems in valuing the husband's interests in various businesses, the husband's transfer of a significant marital asset, the husband's obstructionist tactics, and the wife's indirect contribution to the acquisition of marital property, including her efforts as spouse and homemaker and her involvement in solidifying the husband's relationship with his business partner (*see, Maharam v Maharam*, 245 AD2d 94, 94-95). We reject the husband's argument that the financial expert's report and testimony were incredible, where the record shows that the claimed deficiencies were due to the husband's failure to produce documents necessary to the expert's calculations, and the extreme disarray of the books and records that were produced. The award of two years maintenance, in addition to the temporary maintenance that the wife had been receiving, was a proper exercise of discretion, in view of the wife's age and employment prospects, and the husband's dilatory tactics. The court also had the discretion to award the wife attorneys' fees for legal services and expenses performed or incurred in the prior, dismissed action (*O'Shea v O'Shea*, 93 NY2d 187). Such discretion was properly exercised, notwithstanding that the prior action was dismissed because of the wife's lack of readiness to proceed to trial, in view of the substantial disparity of income between the parties, and the husband's own persistent delaying tactics and misconduct in transferring marital property. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.