■ BRITISH INSURANCE COMPANY OF CAYMAN, Respondent, v LANCER INSURANCE COMPANY et al., Appellants. [757 NYS2d 760] —In an action, inter alia, to set aside certain alleged fraudulent conveyances, the defendants appeal from an order of the Supreme Court, Nassau County (Franco, J.), dated March 21, 2002, which, among other things, denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The parties and/or their predecessors and subsidiaries have been engaged in a protracted dispute regarding the defendants' alleged liability under certain insurance agreements (see British Ins. Co. of Cayman v Water St. Ins. Co., 93 F Supp 2d 506 [SD NY 2000]). The plaintiff, inter alia, now seeks to pierce the corporate veil of the defendant Lancer Financial Group, and to reach assets that Lancer Financial Group and/or its subsidiary Water Street Insurance Company have allegedly conveyed for less than fair consideration and/or placed beyond the plaintiff's reach.

Contrary to the appellants' contentions, the Supreme Court correctly denied their motion to dismiss the complaint. The complaint pleads cognizable claims alleging fraud and viola-

tions of the Debtor and Creditor Law with adequate specificity (*see Rebh v Rotterdam Ventures,* 252 AD2d 609 [1998]; *Stern v Consumer Equities Assoc.,* 160 AD2d 993 [1990]; *Laco X-Ray Sys. v Fingerhut,* 88 AD2d 425, 431-433 [1982]; *cf. Palermo Mason Constr. v Aark Holding Corp.,* 300 AD2d 458, 460 [2002]). Likewise, the plaintiff adequately pleaded cognizable claims alleging tortious interference with contractual relations (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424 [1996]; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.,* 262 AD2d 401, 402 [1999]). Although certain of the alleged fraudulent transactions occurred in 1993, on this record, the appellants have not proven them to be time-barred as a matter of law.

The defendants' remaining contentions are without merit. S. Miller, J.P., Goldstein, McGinity and Mastro, JJ., concur.