■ SOPHIE CAHEN-VORBURGER, Respondent, v JEAN-LOUIS VORBURGER, Appellant. [785 NYS2d 435]—

Judgment, Supreme Court, New York County (Joan B. Lobis,

J.), entered May 16, 2003, insofar as appealed from, adopting an expert's valuations of defendant's business interests and equitably distributing the parties' marital property, unanimously modified, on the law and the facts, to delete the clauses related to the transfer of title of the Manhattan apartment to plaintiff, award plaintiff exclusive possession thereof until the parties' children reach their majority, at which time possession will revert to defendant, and further award plaintiff 50% of the $90,000 used by defendant to pay down the mortgage thereon during the parties' marriage and to delete the clause directing defendant to repay $90,000 to the LCCI 401 (k) plan prior to the distribution, and otherwise affirmed, without costs. Appeals from orders, same court and Justice, entered on or about March 11, 2003 and May 6, 2003, unanimously dismissed, without costs.

The IAS court's issuance of an order of preclusion and default judgment was supported by ample evidence of defendant's contumacious failure to provide disclosure (CPLR 3126), and the court's valuations of his financial interests are supported by a fair interpretation of the available evidence (*see 300 E. 34th St. Co. v Habeeb,* 248 AD2d 50, 54-55 [1997]). The court's expert appraiser fairly inferred that defendant had attained a 39.2% beneficial interest in the LCCI entity, where defendant failed to adduce evidence controverting documentary evidence that he was entitled to such interest (*see Katzman v Katzman,* 284 AD2d 160 [2001]). Likewise, in valuing defendant's interest in LCCI at $9,750,000, the expert, unable to perform "due diligence" because of lack of adequate documentation, formulated a fair indirect methodology. It was unnecessary to issue a qualified domestic relations order (QDRO) to divide defendant's interest in LCCI where there was never a valid conveyance of his LCCI shares into his 401 (k) plan. Also, the increase in value of defendant's interest in the business entity Constantin Associates constituted marital property that was properly reckoned from zero, where defendant failed to offer any evidence of such entity's value at the time of the marriage, and does not deny that plaintiff indirectly contributed to his business success by being a homemaker for him and caregiver for the children (*see Needham v Needham,* 283 AD2d 254 [2001]).

The Manhattan cooperative apartment, which was purchased by defendant more than 2¹/₂ years before the marriage and title to which has at all relevant times been solely in his name, should not have been treated as marital property subject to equitable distribution. Accordingly, we modify to delete the award of title to plaintiff, albeit as above qualified where defendant does not

contest occupancy of the apartment by plaintiff and the children until the children reach their majority. We further modify to reflect plaintiff's concession that defendant returned the improper $90,000 distribution from his 401 (k) plan, and defendant's concession that plaintiff is entitled to 50% of the $90,000 he used to pay down the mortgage on the apartment during the marriage. We have considered defendant's other arguments and find them unavailing. Concur—Tom, J.P., Williams, Friedman, Marlow and Sweeny, JJ.