■ SOPHIE CAHEN-VORBURGER, Respondent-Appellant, v JEAN-LOUIS VORBURGER et al., Defendants, and EDWARD AHERN et al., Appellants-Respondents. [838 NYS2d 543]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered on or about August 15, 2005, which, inter alia,

denied the motions of defendants Ahern, Control Associates/ Constantin Group, MVP Consulting/Constantin Group, Leon Constantin Consulting, Serval and Servor to dismiss the amended complaint for failure to state a cause of action, denied the motion by the Lapin defendants for summary judgment dismissing the amended complaint, and denied the cross motion of defendant Lapin Enterprises for summary judgment on its cross claim against defendant Pereyron, unanimously modified, on the law, the motions to dismiss and for summary judgment dismissing the amended complaint against said defendants granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Appeals from said order by plaintiff and defendant Jean-Louis Vorburger unanimously dismissed, without costs, as abandoned.

Defendants-appellants are alleged to have participated in the fraudulent transfers of defendant former husband Vorburger's assets in order to avoid payment of an equitable distribution judgment (*see* 12 AD3d 275 [2004], *lv denied* 4 NY3d 706 [2005]). Plaintiff failed to set forth a cause of action since there is no fraudulent conveyance claim against nontransferees who merely assist in transferring assets (*Federal Deposit Ins. Corp. v Porco*, 75 NY2d 840 [1990]; *Symbax, Inc. v Bingaman*, 219 AD2d 552, 553-554 [1995]). The separate common-law fraud claim was merely duplicative of the insufficient fraudulent conveyance causes of action. The claim for punitive damages could not stand absent a viable underlying substantive cause of action (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616-617 [1994]), and in any event, plaintiff's allegations were insufficient to support such a claim (*see Blakeslee v Rabinor*, 182 AD2d 390, 392-393 [1992], *lv denied* 82 NY2d 655 [1993]). In view of the foregoing, it is unnecessary to address defendants' other arguments for dismissal. The motion court correctly reasoned that in view of the open question as to the validity of transfers to the former husband's sister pursuant to a certain assignment agreement, summary judgment on the cross claim against her based on an indemnification and attorneys' fee provision in that agreement could not be granted, and the bond sought to secure such claims was unwarranted. Concur—Sullivan, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.