■ WILLIAM HART, Doing Business as HART LOBSTER, CO., Appellant, v STANLEY JASSEM et al., Respondents. [843 NYS2d 121]—

In an action, inter alia, to recover payment for goods sold and delivered, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated May 31, 2006, as granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against the defendants Stanley Jassem and Ellen Jassem, doing business as Lumar Lobster.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the first, second, and sixth causes of action insofar as asserted against the defendants Stanley Jassem and Ellen Jassem, doing business as Lumar Lobster and substituting therefor a provision denying those branches of defendants' motion and (2) by deleting the provision thereof granting that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action and substituting therefor a provision granting that branch of the motion with leave to the plaintiff to replead the allegations in a second amended complaint, if the plaintiff be so advised; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover payment for lobsters sold and delivered between August 12, 2005 and October 14, 2005. The plaintiff claimed an outstanding balance due of $24,871.39.

In the order under review, the Supreme Court, inter alia, granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against the individual defendants Stanley Jassem and Ellen Jassem, doing business as Lumar Lobster (hereinafter the Jassems). Since the fifth cause of action only sought to pierce the corporate veil of the defendant Kaynard Lobster Corp. (hereinafter Kaynard) in order to make the Jassems personally liable, and since New York "does not recognize a separate cause of action to pierce the corporate veil" (*Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.,* 15 AD3d 528, 529 [2005]), the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action. However, as the allegations in support of the purported fifth cause of action are factual assertions, we have granted leave to replead such allegations in a second amended complaint, if the plaintiff be so advised (*id.*).

Moreover, the Supreme Court erred in granting that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action of the amended complaint insofar as asserted against the Jassems (*see Shisgal v Brown,* 21 AD3d 845, 847 [2005]; *British Ins. Co. of Cayman v Lancer Ins. Co.,* 304 AD2d 698, 698-699 [2003]; *Winston Resources v Glehan,* 274 AD2d 475, 476 [2000]; *Menaker v Alstaedter,* 134 AD2d 412, 413 [1987]). (The sixth cause of ac-

tion insofar as asserted against the corporate defendant Kaynard was not dismissed by the Supreme Court.) The court also improperly granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action of the amended complaint insofar as asserted against the Jassems, which were predicated on theories, respectively, of goods sold and delivered and breach of contract (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Gallina v Fedrizzi,* 39 AD3d 467 [2007]; *Natural Organics, Inc. v Smith,* 38 AD3d 628 [2007]). Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.