■ SUGAR FOODS DE MEXICO, Respondent, v SCIENTIFIC SCENTS, LLC, Also Known as SCIENTIFIC SENTS, LLC, Also Known as BETTERBODIES, INC., Also Known as BETTER BODIES, INC., Doing Business as BETTERBODZ, Doing Business as BETTERBODIES, Doing Business as BETTER BODIES, Doing Business as BETTERBODZ.COM, Appellant. [914 NYS2d 352]—

Peters, J.P. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered October 29, 2009 in Saratoga County, which granted plaintiff's motion for leave to serve an amended complaint.

Defendant placed purchase orders with plaintiff to package seasoning products and ship them to a distributor. Plaintiff

thereafter commenced this action and alleged that, among other things, defendant had failed to pay for goods that were sold and delivered to it. Following joinder of issue, Supreme Court granted plaintiff's motion for summary judgment as to liability on that claim, leaving open the issue of whether its damages should be offset due to its allegedly substandard packaging of the product. Plaintiff then moved for leave to serve an amended complaint that sought to pierce the corporate veil and hold defendant's sole officer and shareholder, Joyce Kania, personally liable for any damages. Supreme Court granted the motion, and defendant appeals.

The amended complaint seeks to pierce the corporate veil, which is not a distinct cause of action but rather "an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owner[ ]" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *see Hart v Jassem*, 43 AD3d 997, 998 [2007]). Contrary to defendant's argument, whether the facts here warrant piercing the corporate veil can be fully litigated by Kania, notwithstanding that defendant has already been found liable (*see e.g. Old Republic Natl. Tit. Ins. Co. v Moskowitz*, 297 AD2d 724, 725-726 [2002]; *cf. Kasem v U.S.A. Mini Stor.*, 16 AD3d 379, 379-380 [2005], *lv dismissed* 5 NY3d 880 [2005]). Moreover, plaintiff only sought to add Kania as a party defendant after she stated at her deposition that defendant had no assets and that she deposited money into defendant's bank account to pay its operating expenses. While she declined to specifically identify the source of those funds, Kania indicated that they were coming from her various other money-making endeavors. As a result, we cannot say that "the proffered amendment is . . . palpably insufficient or clearly devoid of merit" and, in the absence of surprise or prejudice, Supreme Court did not abuse its discretion in granting leave to serve the amended complaint (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [2010]; *see* CPLR 3025 [b]; *Adirondack Combustion Tech., Inc. v Unicontrol, Inc.*, 17 AD3d 825, 826 [2005]).

Spain, Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.