■ GAETANO DEVELOPMENT CORP., Respondent, v FRANCIS A. LEE, Individually and Doing Business as FRANCIS A. LEE Company, et al., Appellants. (Action No. 1.) GAETANO DEVELOPMENT CORP., Respondent, v FRANCIS A. LEE, Individually and Doing Business as FRANCIS A. LEE Company, et al., Appellants. (Action No. 2.) [994 NYS2d 641]—

In two related actions, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered October 3, 2012, which granted the plaintiff's motion in action No. 1 to restore that action to the pre-note of issue calendar and join it for trial with action No. 2, and denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint in action No. 2.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion pursuant to CPLR 3211 (a) which were to dismiss the fourth, eighth, ninth, tenth, eleventh, and twelfth causes of action of the complaint in action No. 2, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly granted the plaintiff's motion to restore action No. 1 to the pre-note of issue calendar (*see Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17, 19 [2013]), and join it for trial with action No. 2.

The Supreme Court properly denied that branch of the defendants' motion which was to dismiss the entire complaint in action No. 2 on the ground that the mediation and arbitration provisions of the subject contract barred action No. 2. The litigation conduct of Francis A. Lee and Francis A. Lee Company, A Corporation (hereinafter Lee Corporation) in action No. 1 in answering the complaint, asserting five affirmative defenses and a counterclaim, participating in discovery, and removing the action to the United States Bankruptcy Court were clearly inconsistent with the defendants' contention that the parties were obligated to settle their differences by arbitration or mediation. Therefore, such conduct constituted a waiver of these rights (*see Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007]).

The Supreme Court also properly denied that branch of the defendants' motion which was to dismiss the first cause of action in the complaint in action No. 2, which was to recover damages for breach of contract against Lee, made on the ground that Lee was not in privity with the plaintiff. Although the defendants submitted the subject contract, that document did not conclusively establish their defense (*see* CPLR 3211 [a] [1];

*Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]) that the plaintiff entered into the contract with Lee Corporation, but not Lee. Nor did Lee establish that the plaintiff's allegation that he entered into the contract in his individual capacity was "not a fact at all" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see* CPLR 3211 [a] [7]).

However, the Supreme Court should have granted those branches of the defendants' motion which were to dismiss the fourth and eighth causes of action in the complaint in action No. 2, which sought the imposition of a constructive trust, as well as the ninth cause of action in that complaint, which alleged misappropriation of trust funds, since the facts alleged were insufficient to state a cause of action seeking the imposition of a constructive trust (*see Hylan Elec. Contr., Inc. v MasTec N. Am., Inc.*, 74 AD3d 1148, 1150 [2010]; *First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1138 [2010]) or to recover damages for the misappropriation of trust funds (*cf. Martirano Constr. Corp. v Briar Contr. Corp.*, 104 AD2d 1028, 1031 [1984]). In any event, the plaintiff did not oppose those branches of the defendants' motion in the Supreme Court, and it does not do so on appeal (*see Matter of Agoglia v Benepe*, 84 AD3d 1072, 1075 [2011]; *cf. Genovese v Gambino*, 309 AD2d 832, 833 [2003]).

In addition, the Supreme Court should have directed the dismissal of the tenth cause of action in the complaint in action No. 2, which alleged liability under a theory of piercing the corporate veil, since "New York 'does not recognize a separate cause of action to pierce the corporate veil' " (*Hart v Jassem*, 43 AD3d 997, 998 [2007], quoting *Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.*, 15 AD3d 528, 529 [2005]).

The Supreme Court also should have directed the dismissal of the eleventh and twelfth causes of action in the complaint in action No. 2, which alleged violations of Debtor and Creditor Law §§ 276 and 276-a, respectively, as they were not pleaded with sufficient particularity (*see* CPLR 3016 [b]; *Ray v Ray*, 108 AD3d 449, 451-452 [2013]).

The defendants' contention that the second and sixth causes of action in the complaint in action No. 2, which alleged unjust enrichment, should be dismissed as duplicative is improperly raised for the first time on appeal and, thus, not properly before this Court.

The defendants' remaining contention has been rendered academic in light of our determination. Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.