■ Joseph DiMauro et al., Respondents, v United, LLC, et al., Appellants. [996 NYS2d 297]—

In an action, inter alia, to set aside alleged fraudulent conveyances pursuant to Debtor and Creditor Law article 10, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Adler, J.), dated January 8, 2013, which, among other things, denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third through eighth causes of action.

Ordered that the order is modified, on the law, by deleting the

provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the eighth cause of action for failure to state a cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs payable by the defendants.

On a motion pursuant to CPLR 3211 (a) (7), the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Neckles Bldrs., Inc. v Turner*, 117 AD3d 923, 924 [2014]; *Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756, 757 [2014]). Applying this standard to the allegations set forth in the third through seventh causes of action, we find that the third cause of action adequately alleged sufficient facts from which it may be inferred that the defendants knowingly participated in a fraudulent scheme to deprive the plaintiff of his creditor rights (*see Levin v Kitsis*, 82 AD3d 1051, 1052 [2011]); the fourth cause of action adequately alleged violations of Debtor and Creditor Law §§ 273, 273-a, 274 and 276; and the fifth, sixth, and seventh causes of action adequately alleged successor liability claims under the "mere continuation" and "de facto merger" exceptions to the general rule that a corporation that acquires the assets of another corporation is not liable for the torts of its predecessor (*Tap Holdings, LLC v Orix Fin. Corp.*, 109 AD3d 167, 176 [2013]; *see Ladenburg Thalmann & Co. v Tim's Amusements*, 275 AD2d 243, 248 [2000]). Accordingly, those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the third through the seventh causes of action were properly denied.

Contrary to the defendants' contention, the evidence they submitted in support of those branches of their motion which were pursuant to CPLR 3211 (a) (1) to dismiss the fifth, sixth, and seventh causes of action did not "utterly refute[ ] the factual allegations of the complaint, conclusively establishing a defense to the claims as a matter of law" (*Neckles Bldrs., Inc. v Turner*, 117 AD3d at 924). Accordingly, those branches of the defendants' motion were also properly denied.

However, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the eighth cause of action, as New York does not recognize a separate cause of action to pierce the corporate veil (*see Rosen v Kessler*, 51 AD3d 761, 761 [2008]; *Hart v Jassem*, 43 AD3d 997, 998 [2007]; *Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.*, 15 AD3d 528, 529 [2005]).

The defendants' remaining contentions are without merit. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.