■ FELIX ROBLES, Individually and as Executor of ROSA RIVERA, Deceased, Respondent, v BROOKLYN-QUEENS NURSING HOME, INC., et al., Appellants. [16 NYS3d 275]—

In an action, inter alia, to recover damages for medical malpractice, negligence, and wrongful death, the defendants Brooklyn-Queens Nursing Home, Inc., and Brooklyn Queens Nursing Home appeal, and the defendant Kingsbrook Jewish Medical Center separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated May 28, 2014, as denied those branches of their respective motions which were pursuant to CPLR 3211 (a) to dismiss certain causes of action insofar as asserted against them as time-barred.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

Prior to being appointed administrator of the decedent's estate, the plaintiff commenced two prior medical malpractice actions in 2011 and 2012, respectively. Those actions were dismissed on the ground that the plaintiff lacked capacity to sue. After he was issued letters of administration, while the motions to dismiss the first two actions were pending, the plaintiff commenced the instant, third medical malpractice action. The defendants Brooklyn-Queens Nursing Home, Inc., and Brooklyn Queens Nursing Home moved, and the defendant Kingsbrook Jewish Medical Center (hereinafter collectively the appellants) separately moved, inter alia, to dismiss certain causes of action insofar as asserted against them as time-barred. The Supreme Court denied the subject branches of their motions.

The appellants contend that the plaintiff is not entitled to the benefit of the six-month extension for pleading pursuant to

CPLR 205 (a) because the instant action was commenced prior to the dismissal of the two earlier actions. This contention is improperly raised for the first time on appeal, and therefore, is not properly before this Court (*see Koziar v Grand Palace Rest.*, 125 AD3d 607, 607 [2015]; *Gaetano Dev. Corp. v Lee*, 121 AD3d 838, 840 [2014]; *Talamas v Metropolitan Transp. Auth.*, 120 AD3d 1333, 1333 [2014]). The plaintiff did not have the opportunity to address this argument and the Supreme Court did not have the opportunity to consider it (*see Fusco v City of New York*, 71 AD3d 1083, 1084 [2010]; *Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561 [2007]; *Sarva v Chakravorty*, 34 AD3d 438, 439 [2006]). An issue may not be raised for the first time on appeal where it "could have been obviated or cured by factual showings or legal countersteps" in the trial court (*Telaro v Telaro*, 25 NY2d 433, 439 [1969]). Had this argument been raised in the Supreme Court, the plaintiff would have been entitled to the benefit of the six-month extension saving provision of CPLR 205 (a) and would have been granted an opportunity to commence a new action (*see also Malay v City of Syracuse*, 25 NY3d 323 [2015]), as the prior actions were dismissed for lack of capacity to sue, which is not a dismissal on the merits (*see Carrick v Central Gen. Hosp.*, 51 NY2d 242, 252 [1980]; *Snodgrass v Professional Radiology*, 50 AD3d 883, 884 [2008]; *Lambert v Sklar*, 30 AD3d 564, 566 [2006]).

Moreover, the defendants' arguments that the prior actions were untimely commenced, and that CPLR 205 (a) does not apply because the action commenced in 2011 was dismissed for lack of prosecution, were rejected in a prior order of the Supreme Court, Kings County, entered March 19, 2013. The defendants' appeals from that order were dismissed for failure to perfect. As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised on an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754 [1999]; *Bray v Cox*, 38 NY2d 350, 353 [1976]). We decline to exercise that jurisdiction in this case. We conclude that the Supreme Court correctly determined, based upon its prior determination that the 2011 action was timely commenced and was not dismissed on the merits, that all of the plaintiff's causes of action were timely interposed.

The defendants' remaining contentions are without merit. Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.