Bashian & Farber, LLP v Syms (2018 NY Slip Op 08275)





Bashian & Farber, LLP v Syms


2018 NY Slip Op 08275


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-07981
2017-11361
 (Index No. 60595/14)

[*1]Bashian & Farber, LLP, et al., appellants, 
v
Richard Syms, et al., respondents, et al., defendants.


Bashian & Farber, LLP, White Plains, NY (Andrew Frisenda and Irving O. Farber of counsel), appellant pro se and for appellant Gary E. Bashian, P.C.
Michael S. Haber, New York, NY, for respondents Richard Syms, Richard Syms as trustee of Syms Family Revocable Trust Dated March 11, 2014, Ineva Syms, also known as I. Eve Syms, also known as Eve Syms, Ineva Syms as trustee of Syms Family Revocable Trust Dated March 11, 2014, Syms Family Revocable Trust Dated March 11, 2014, and Ruth Merns.
Landman Corsi Ballaine & Ford P.C., New York, NY (Theresa A. Frame, Rebecca W. Embry, and Sophia Ree of counsel), for respondent Michael D. Lynch.



DECISION & ORDER
In an action, inter alia, to recover on an account stated and pursuant to article 10 of the Debtor and Creditor Law, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated May 18, 2017, and (2) an order of the same court dated September 15, 2017. The order dated May 18, 2017, insofar as appealed from, granted that branch of the motion of the defendant Ruth Merns which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against her, granted the motion of the defendant Michael D. Lynch pursuant to CPLR 3211(a)(7), in effect, to dismiss the amended complaint insofar as asserted against him, and denied the plaintiffs' cross motion pursuant to CPLR 3025(b) for leave to further amend the amended complaint to name the defendant Michael D. Lynch as a "John Doe" under the third cause of action, which alleges fraud, and to add causes of action against the defendant Michael D. Lynch alleging aiding and abetting fraud and a violation of Judiciary Law § 487. The order dated September 15, 2017, insofar as appealed from, denied those branches of the plaintiffs' motion which were (1) pursuant to CPLR 2221(e) for leave to renew (a) their opposition to the motion of the defendant Ruth Merns pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against her, (b) their opposition to the motion of the defendant Michael D. Lynch pursuant to CPLR 3211(a)(7), in effect, to dismiss the amended complaint insofar as asserted against him, and (c) their cross motion pursuant to CPLR 3025(b) for leave to further amend the amended complaint, and (2) pursuant to CPLR 3025(b) for leave to further amend the amended complaint to add a cause of action against the defendant Michael D. Lynch alleging negligence.
ORDERED that the order dated May 18, 2017, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Ruth Merns which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against her, and [*2]substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order dated September 15, 2017, as denied that branch of the plaintiffs' motion pursuant to CPLR 2221(e) which was for leave to renew their opposition to the motion of the defendant Ruth Merns is dismissed as academic in light of our determination on the appeal from the order dated May 18, 2017; and it is further,
ORDERED that the order dated September 15, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the respondent Ruth Merns, and one bill of costs is awarded to the respondent Michael D. Lynch payable by the plaintiffs.
In July 2014, the plaintiffs commenced this action, inter alia, to recover on an account stated and pursuant to article 10 of the Debtor and Creditor Law. In their complaint, the plaintiffs allege that beginning in 2010, they represented the defendant Richard Syms (hereinafter Richard) in a complex and sharply contested proceeding in which he objected to the probate of his late father's will. Between August 2011 and December 2011, Richard transferred to his wife, the defendant Ineva Syms, also known as I. Eve Syms, also known as Eve Syms (hereinafter Ineva), for little or no consideration, three unimproved properties worth, in the aggregate, more than $700,000, which until then had been held jointly by Richard and Ineva. In early 2012, Richard—who was in the real estate development business—advised the plaintiffs that he had real estate on the market and that the plaintiffs' legal fees would be paid from the proceeds of the sale. By mid-2012, Richard stopped paying the plaintiff's bills for legal fees.
The plaintiffs further allege that on July 22, 2013, Richard and Ineva sold an improved property to a third party for more than $1.2 million, but that none of the proceeds were used to pay Richard's outstanding legal fees of $239,142.25. In January 2014, Richard informed the plaintiffs that he was beset by certain financial constraints. By February 11, 2014, the plaintiffs were owed $329,068.90 in unpaid legal fees, and they subsequently withdrew as Richard's legal counsel in the contested probate proceeding. On March 11, 2014, Richard and Ineva created The Syms Family Revocable Trust (hereinafter the Trust), into which Ineva then transferred, for no consideration, the unimproved properties Richard had previously transferred to her in 2011.
Shortly thereafter, the plaintiffs commenced this action against Richard and Ineva, both individually and as trustees of the Trust, among others, asserting, inter alia, a cause of action under article 10 of the Debtor and Creditor Law.
Approximately one year later, on August 27, 2015, the Trust transferred a property located in Lewisboro (hereinafter the Lewisboro property) to Richard's mother, the defendant Ruth Merns, in a transaction structured by the defendant Michael D. Lynch, an attorney who represented Richard and Ineva. The plaintiffs thereafter amended the complaint to include allegations relating to the August 27, 2015, transaction and to assert a cause of action against Merns and Lynch, alleging fraudulent conveyance. Among other things, the plaintiffs alleged that the transfer of the Lewisboro property to Merns was made "in consideration of One Dollar."
Merns moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against her, and Lynch moved pursuant to CPLR3211(a)(7), in effect, to dismiss the amended complaint insofar as asserted against him. The plaintiffs opposed the motions, and cross-moved for leave to further amend the amended complaint to name Lynch as a "John Doe" under the third cause of action, which alleged fraud, and to add causes of action against Lynch alleging an aiding and abetting of fraud and a violation of Judiciary Law § 487. The Supreme Court granted the motions to dismiss pursuant to CPLR 3211(a)(7), and denied the cross motion for leave to further amend the amended complaint.
The plaintiffs subsequently moved, inter alia, for leave to renew their opposition and cross motion, and for leave to further amend the amended complaint to add a cause of action against Lynch alleging negligence. Merns and Lynch opposed the motion. The Supreme Court denied the motion. The plaintiffs appeal from both orders.
On a motion pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; DiMauro v United, LLC, 122 AD3d 568). A court is permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7) (see Sokol v Leader, 74 AD3d 1180, 1181) and, in that case, "the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832).
Here, Merns submitted, inter alia, an affidavit in which she stated that she paid $250,000 for the Lewisboro property, and submitted a copy of a cashier's check in that amount, also dated August 27, 2015, made payable "to the order of Ineva Syms." The record also contains, however, a quitclaim deed from the Trust to Merns, dated August 27, 2015, stating that the transfer was made in consideration of $1, as well as a real estate transfer tax return, also dated August 27, 2015, and signed by Richard and Ineva, as trustees, declaring that the transaction was made "without
consideration." Lynch, for his part, averred in an affidavit submitted in support of his own motion to dismiss, that he structured the transaction as a transfer without consideration upon being informed by Richard and Ineva, prior to closing, "that no funds would be coming through [Lynch's] escrow account."
Under the circumstances presented, the plaintiffs' allegation that the Lewisboro property transaction was not made for adequate consideration is neither speculative nor conclusory. Given, among other things, the timing of the transaction, the alleged lack of consideration, and the close family relationship between Richard and Merns (see Soldano v Soldano, 66 AD2d 839, 841-842), we disagree with the Supreme Court's determination that the amended complaint failed to state a cause of action against Merns under article 10 of the Debtor and Creditor Law (see DiMauro v United, LLC, 122 AD3d at 569).
We reach a different result, however, with respect to the allegations against Lynch. The Debtor and Creditor Law does not, "either explicitly or implicitly, create a creditor's remedy for money damages against parties who . . . were neither transferees of the assets nor beneficiaries of the conveyance" (Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842; see Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907, 908; Cahen-Vorburger v Vorburger, 41 AD3d 281, 282). Under the circumstances, we agree with the Supreme Court's determination granting Lynch's motion pursuant to CPLR 3211(a)(7), in effect, to dismiss the amended complaint insofar as asserted against him.
We also agree with the Supreme Court's denial of the plaintiffs' cross motion for leave to further amend the amended complaint to assert additional causes of action against Lynch. "Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732). The proposed amendments to name a "John Doe" as Lynch under the third cause of action, which alleged fraud, and to add causes of action alleging aiding and abetting fraud and a violation of Judiciary Law § 487 as against Lynch are palpably insufficient.
We agree with the Supreme Court's denial of those branches of the plaintiffs' motion which were for leave to renew their cross motion and opposition to Lynch's motion, because the new facts offered would not have changed the prior determination (see CPLR 2221[e]; Kletke v GOS Corp., 51 AD3d 875).
The plaintiffs' remaining contention is without merit.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court