Apex Rehabilitation & Care Ctr. v Butler (2019 NY Slip Op 04347)





Apex Rehabilitation & Care Ctr. v Butler


2019 NY Slip Op 04347


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-02020
 (Index No. 606979/16)

[*1]Apex Rehabilitation and Care Center, respondent,
v
Scott F. Butler, appellant.


Akiva Shapiro Law, PLLC, Old Bethpage, NY, for appellant.
Genser Dubow Genser & Cona LLP, Melville, NY (Brian J. Haran and Dana Walsh Sivak of counsel), for respondent.



DECISION & ORDER
In an action to set aside an alleged fraudulent conveyance, the defendant appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated January 3, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a creditor of the defendant's mother, commenced this action to set aside the alleged fraudulent conveyance of the mother's funds to the defendant, alleging that the transfer was made in an effort to avoid payment of a debt owed to the plaintiff by the mother. The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The Supreme Court denied that branch of the motion, and the defendant appeals.
"When assessing the adequacy of a complaint in light of a CPLR 3211(a)(7) motion to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . the benefit of every possible favorable inference'" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591, quoting Leon v Martinez, 84 NY2d 83, 87). A court must "determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88; see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414; Starr Indem. & Liab. Co. v Global Warranty Group, LLC, 165 AD3d 1308, 1309).
Contrary to the defendant's contentions, the allegations in the complaint sufficiently set forth causes of action to set aside an alleged fraudulent conveyance under the Debtor and Creditor Law. Moreover, while causes of action asserting actual intent to defraud must be pleaded in compliance with the heightened particularity requirements of CPLR 3016(b) (see Debtor and Creditor Law §§ 276, 276-a; see generally Gaetano Dev. Corp. v Lee, 121 AD3d 838, 840), the plaintiff's allegations, inter alia, that the defendant, in an effort to frustrate the plaintiff's rights as a creditor, transferred assets belonging to the debtor to himself, without consideration and with knowledge that the entry of a money judgment against the debtor was imminent, were sufficient under the circumstances to satisfy CPLR 3016(b) (see e.g. Gateway I Group, Inc. v Park Ave. [*2]Physicians, P.C., 62 AD3d 141, 150). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court