Bazeli v Azaz (2019 NY Slip Op 06736)





Bazeli v Azaz


2019 NY Slip Op 06736


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-02319
 (Index No. 16099/14)

[*1]Vahed Bazeli, appellant, 
v
Tamer Azaz, et al., defendants, Jennifer J. Azaz, respondent.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.



DECISION & ORDER
In an action to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated January 19, 2017. The order, insofar as appealed from, denied the plaintiff's motion, in effect, to vacate so much of an order of the same court dated August 17, 2016, as granted the unopposed cross motion of the defendant Jennifer J. Azaz to dismiss the complaint insofar as asserted against her and to vacate a notice of pendency, and for leave to reargue with respect to the order dated August 17, 2016.
ORDERED that the appeal from so much of the order dated January 19, 2017, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated January 19, 2017, is affirmed insofar as reviewed, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendant Jennifer J. Azaz (hereinafter Azaz) seeking the imposition of a constructive trust on certain assets. Azaz cross-moved to dismiss the complaint insofar as asserted against her and to vacate a notice of pendency. In an order dated August 17, 2016, the Supreme Court, inter alia, granted Azaz's cross motion upon the plaintiff's default in opposing the cross motion. The plaintiff then moved, inter alia, in effect, to vacate so much of the order dated August 17, 2016, as granted Azaz's cross motion. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
We agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was, in effect, to vacate so much of the order dated August 17, 2016, as granted Azaz's cross motion. In order to vacate a default in opposing a motion, the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894). Although the plaintiff demonstrated a reasonable excuse for his default in opposing Azaz's cross motion (see Gately v Drummond, 161 AD3d 947, 948; Young Su Hwangbo v Nastro, 153 AD3d 963, 965), he failed to demonstrate a potentially meritorious opposition to the cross motion, as the complaint failed to state a cause of action against Azaz for the imposition of a constructive trust (see Seidenfeld v Zaltz, 162 AD3d 929, 934-935; Gaetano Dev. Corp. v Lee, 121 AD3d 838, 839).
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court