Arco Acquisitions, LLC v Tiffany Plaza, LLC (2024 NY Slip Op 00888)

Arco Acquisitions, LLC v Tiffany Plaza, LLC

2024 NY Slip Op 00888

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2021-08509
 (Index No. 607246/21)

[*1]Arco Acquisitions, LLC, appellant, 
v
Tiffany Plaza, LLC, et al., respondents.

Lieb at Law, P.C., Smithtown, NY (Cheryl L. Berger of counsel), for appellant.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Kathryn M. Dalli of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated November 4, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On October 4, 2017, pursuant to a contract of sale, the defendants Tiffany Plaza, LLC, and 1075 Farmingville, LLC, agreed to sell to the plaintiff a commercial property for the sum of $10,500,000. The sale closed on December 29, 2017. On April 21, 2021, the plaintiff commenced this action to recover damages for fraud, aiding and abetting fraud, and piercing the corporate veil. The plaintiff alleged that the defendants falsely represented that none of the tenants of the subject property were in arrears. The plaintiff contended that the defendants' false representation affected the fair market value of the property and the plaintiff's decision to purchase the property.
The defendants thereafter moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the defendants' motion. The plaintiff appeals.
"Under CPLR 3211(a)(1), a dismissal is warranted only if 'the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88). "Thus, the defendant bears the burden of demonstrating that the proffered documentary evidence conclusively refutes the plaintiff's factual allegations" (Krasnow v Catania, 219 AD3d 1324, 1325 [internal quotation marks omitted]).
Here, the Supreme Court correctly determined that the cause of action alleging fraud was barred by the specific terms of the contract of sale (see Danann Realty Corp. v Harris, 5 NY2d 317, 322; Comora v Franklin, 171 AD3d 851, 853; Santostefano v Middle Country Cent. Sch. Dist., 156 AD3d 926, 928). The contract of sale utterly refuted the plaintiff's factual allegations and conclusively established a defense to the complaint as a matter of law.
As a cause of action for aiding and abetting fraud cannot lie without the underlying [*2]fraud having been sufficiently pleaded, the Supreme Court properly dismissed the cause of action alleging aiding and abetting fraud (see Weinstein v Levitin, 208 AD3d 531, 532; Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1043).
As New York does not recognize a separate cause of action for piercing the corporate veil, the Supreme Court properly dismissed the third cause of action (see Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 766; DiMauro v United, LLC, 122 AD3d 568, 569-570).
The parties' remaining contentions need not be reached in light of our determination.
MALTESE, J.P., FORD, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court