■ JANE CIBENER, Respondent, v CITY OF NEW YORK et al., Defendants, and NYNEX CORPORATION et al., Appellants. [701 NYS2d 405] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about January 26, 1999, which denied the motion by defendants-appellants for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against those defendants. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff tripped and fell in a pavement depression in the north crosswalk of University Place at the intersection of 9th Street in Manhattan. A personal injury action was commenced against the City of New York in 1995, and two years later a new action was commenced against all four defendants. In April 1997, before issue was joined by the new defendants, and eight months prior to consolidation of the two actions, plaintiff filed a note of issue in the first action against the City. Appellants searched their files and failed to find any recent work orders for this location. When plaintiff's bill of particulars failed to connect these defendants with the accident, they moved for summary judgment. Not until oral argument was the issue first raised as to the motion's untimeliness. The motion was erroneously denied on that ground.*

After joinder of issue, a party may move for summary judgment within 120 days of the filing of a note of issue, or even later upon showing of good cause (CPLR 3212 [a]). Wide latitude is afforded in finding such good cause (*Goodman v Gudi*, 264 AD2d 758; *Rossi v Arnot Ogden Med. Ctr.*, 252 AD2d 778, 779). Here, such cause should have been clear—appellants were never served with the note of issue. There is no copy of the note in the record, nor has plaintiff offered any proof of its service on these new defendants (*see*, CPLR 3402 [b]). A note of issue signals readiness to proceed to trial, and is usually accompanied by such a certificate. Clearly, such certification would have been premature before the new defendants had an opportunity for discovery.

As to the merits, the record reveals no indication that the appellants had performed or ordered any excavation or road work at or under the accident site within four years prior to the injury, nor did appellants' search of their files yield any such information. Without some evidence of their proximate cause of plaintiff's injury, these defendants are entitled to sum-

---

* Con Edison's separate motion for summary judgment was denied for similar reason, but that defendant has not appealed.

mary judgment (*Ellis v County of Albany*, 205 AD2d 1005, 1007-1008). Concur—Sullivan, J. P., Rosenberger, Tom, Mazzarelli and Wallach, JJ.