■ Daniel Cosme, Respondent, v City of New York et al., Defendants, and John P. Picone, Inc., Appellant. (And a Third-Party Action.) [799 NYS2d 201]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered December 22, 2003, which, to the extent appealed from, denied the motion by defendant John P. Picone, Inc. for summary judgment dismissing the complaint as against it, affirmed, without costs.

Plaintiff alleges that he tripped on a manhole cover located within the southern crosswalk across the Sheridan Expressway service road (which runs roughly north-south) at its intersection with Westchester Avenue (which runs roughly east-west). Defendant John P. Picone, Inc. (JPP) moved for summary judgment dismissing the complaint as against it on the ground that its evidence concerning the location where it did its work established that such work had been performed on the northern crosswalk of the subject intersection, i.e., across the intersection from where plaintiff's mishap allegedly occurred. A close examination of the record reveals, however, that the sole evidence of the location of its work submitted by JPP—the deposition testimony of a former employee—is too vague and self-contradictory to establish, as a matter of law, the side of the intersection on which JPP's work was performed.

Although JPP's former employee, Philip Vassallo, asserted that JPP's work site had been on the northern side of the intersection, it is clear from Vassallo's testimony at other points during the deposition that he had no idea which direction at the site was north and which was south. Vassallo first testified that the location where JPP did its work was "right alongside the curb line on the northbound service road of Sheridan Expressway." Vassallo subsequently contradicted himself in the following exchange with plaintiff's counsel:

"Q. Now closest to the side that you were working on, which direction did the traffic go?

"A. It would be southbound."

Still later in the deposition, Vassallo reverted to his original position, stating that "[t]he northbound section [of the road] was right alongside our work area."

The key to Vassallo's testimony—and the inadvertent explanation of this witness's inability to resolve the issue of where JPP's work was done—is this exchange he had with counsel for one of JPP's codefendants:

"Q. Is it fair to say southbound on the Sheridan Expressway heads towards Manhattan?

"A. I don't even know where it goes to be honest with you. I am a Brooklyn boy. I don't know where the Sheridan Expressway goes."

Notwithstanding the evident confusion of Vassallo's testimony, the dissent apparently believes it possible to deem the issue of the location of JPP's work site to be resolved, as a matter of law, by combining Vassallo's testimony that traffic ran in both directions beside JPP's work site, with the proposition (made by the dissent, not Vassallo) that "traffic runs in both directions on the north side of Westchester Avenue and in one direction on the south side of Westchester Avenue." The dissent does not, however, elaborate on its conclusory assertion that "[a] careful review of both depositions [of plaintiff and Vassallo] and the exhibits reveals" the truth of the latter proposition. So far as we can tell, the claim that the Sheridan Expressway service road is two-way to the north of Westchester Avenue and one-way to the south (if that is what the dissent is saying) is not readily derived from the record before us. Even if it were, Vassallo's testimony again appears to be self-contradictory on the question of whether traffic passed JPP's work site in one or both directions. It is true that, at one point, Vassallo testified (in response to the question "Were there two lanes of traffic next to the excavation or one lane?") that there was "one lane [of traffic] in each direction" (i.e., two lanes) alongside the work site. Earlier, however, he had testified that "the [underground] chamber [where JPP did its work] was right alongside the curb line on the *northbound service road* of Sheridan Expressway" (emphasis added), apparently meaning that the road as a whole, and not just the immediately adjacent lane, was northbound (i.e., one-way) at that point.* Given this confusion, we do not agree (even if it is assumed that the dissent's description of the area's geography is correct) that the record establishes, as a matter of law, that JPP's work site was north of the intersection.

Contrary to the dissent's mischaracterization of our position, we are not affirming the denial of summary judgment because the facts are "convoluted." Rather, we are affirming because Vassallo's testimony is too ambiguous and self-contradictory to eliminate all issues of fact as to the precise location where JPP did its work. On a motion for summary judgment, it is not the court's task to resolve the ambiguities and apparent contradictions found in a witness's testimony so as to impart a clarity and precision that the testimony does not actually have.

---

* Contrary to the dissent's suggestion, Vassallo appears to have been referring, at both of these points in his testimony, to the Sheridan Expressway service road alongside JPP's work site, not to the Expressway itself. At a minimum, the possibility that Vassallo contradicted himself cannot be excluded as a matter of law.

We note that it should have been easy for JPP to prove exactly where it did its work, without relying on the vague oral recollections of a former employee who, according to his own testimony, had been present at the work site for only two days more than a year and a half before he was deposed. Although Vassallo was asked at his deposition about a sketch he made showing the location of the work site, JPP did not submit that sketch to the motion court. Vassallo also testified that the City had issued JPP a permit to do its excavation work, and that it was JPP's practice to keep such permits on file. Without explanation, JPP failed to submit a copy of its permit for this job with its papers in support of the summary judgment motion, and, therefore, that permit is not part of the record before us. Although the dissent ignores this glaring omission, we find it remarkable, since the record does contain permits the City issued (for work unrelated to JPP's) to a former codefendant, which permits apparently specify the location of the work to be done in terms of the corners of the intersection involved ("Intersection NWC to NEC"). Thus, instead of relying on documentary evidence within its possession that could readily have answered the question of where it did its work, JPP asked the motion court, and now asks us, to tease out an answer from Vassallo's vague oral testimony. If Vassallo's testimony were both clear and uncontradicted, we would not hesitate to rely on it to grant JPP summary judgment, but his testimony is, in fact, confusing and equivocal.

While plaintiff (who has no knowledge of the precise location of JPP's work at the intersection) has not contradicted Vassallo's testimony (although Vassallo, as previously discussed, has contradicted himself), this is not enough, by itself, to warrant granting JPP summary judgment. It was the burden of JPP, as the party moving for summary judgment, to come forward with evidence that, if uncontradicted, would establish its entitlement to judgment as a matter of law. In the absence of such a prima facie showing of the movant's entitlement to judgment, Supreme Court properly denied the motion, without regard to the sufficiency of plaintiff's opposition to raise any factual issue (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In this case above all, where the evidence bearing on the potentially dispositive issue (the location of JPP's work site) is in JPP's possession, and no such evidence is in plaintiff's possession, we should adhere to this rule. Accordingly, the order denying JPP's inadequately supported motion for summary judgment is affirmed. Concur—Mazzarelli, J.P., Saxe, Friedman and Nardelli, JJ.

Catterson, J., dissents in a memorandum as follows: The

thrust of the majority decision is that if the facts of a particular case are convoluted, there must be an issue of fact which precludes summary judgment. Because I believe that there is no issue of fact as to the location of the work performed, vis-à-vis the accident site, I must respectfully dissent.

Plaintiff sustained personal injuries when he fell due to an alleged defect in the road while crossing the Sheridan Expressway North Service Road (also identified as Sheridan Avenue) at Westchester Avenue in the Bronx. Prior to the accident, defendant Department of Environmental Protection contracted with, inter alia, defendant John P. Picone, Inc. (hereinafter referred to as Picone) to perform work and services on a leaking water main beneath a portion of the North Service Road of the Sheridan Expressway. The evidence presented demonstrated that approximately $1\frac{1}{2}$ months earlier, Picone excavated a section of the service road immediately north of Westchester Avenue and adjacent to the northbound lanes of the Sheridan Expressway. Picone then repaired and restored the excavation. Plaintiff testified at his deposition that the crosswalk that he was using prior to his fall was located on the south side of Westchester Avenue where it intersected the off ramp service road for the northbound Sheridan Expressway. He also marked the location of his fall on a photograph depicting that intersection. There is no proof in the record whatsoever that Picone performed any work in the crosswalk on the south side of Westchester Avenue where plaintiff identified the site of his accident.

Indeed, Picone's witness clearly stated that the road abutting the construction site had traffic running in both directions. In contrast, plaintiff testified that where he fell in the crosswalk, the traffic only ran in one direction: north. A careful review of both depositions and the exhibits reveals that traffic runs in both directions on the north side of Westchester Avenue and in one direction on the south side of Westchester Avenue.

Contrary to the majority's assertion that Picone's witness contradicted himself in his deposition, the geography supports the witness's recollection. The construction site was along the curb of the northbound service road, and given that traffic ran in both directions at that location, one lane would necessarily run southbound as the witness testified. With all due respect to the majority's view, the only confusion is in the majority's failure to observe the difference between the witness's references at different times to the northbound lanes of the Sheridan Expressway, the northbound service road north of Westchester Avenue (which has both northbound and southbound lanes), and the northbound service road south of Westchester Avenue (which has only northbound traffic).

It is well settled that the proponent of a motion for summary judgment must establish that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *10 E. 70th St., Inc. v Gimbel*, 309 AD2d 644 [2003]). Defendant Picone has demonstrated its entitlement to judgment. The burden then shifted to plaintiff to present evidentiary facts sufficient to raise a genuine, triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff must demonstrate the existence of "facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986] [internal quotation marks omitted]). The proof, however, must be sufficient to permit a finding of proximate cause "based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*id.*).

In this case, the record simply contains no evidence that Picone ordered or performed any excavation or road work where plaintiff fell. The speculative assertions by plaintiff are insufficient to raise a question of fact about whether the repair and excavation work performed by Picone on the opposite side of Westchester Avenue from the location of plaintiff's fall, as identified by plaintiff himself in photographs at his deposition, caused his injuries. Absent some evidence connecting Picone's work to the situs of plaintiff's injury, Picone is entitled to summary judgment (*see Cibener v City of New York*, 268 AD2d 334, 334-335 [2000]).