■ CITICORP TRUST BANK, FSB, Appellant, v LIGERIE L. MAK-KAS et al., Defendants, and LESHOLD REALTY CORP., Respondent. [7 NYS3d 379]——

In a consolidated action, inter alia, to set aside alleged fraudulent conveyances pursuant to Debtor and Creditor Law § 276, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Marx, J.), dated April 17, 2014, which denied its motion to vacate its default in appearing at scheduled court conferences, and for summary judgment dismissing the cause of action and counterclaim of the defendant Leshold Realty Corp. insofar as asserted against it on the ground that they had been rendered academic, and (2) a judgment of the same court, also dated April 17, 2014, which, upon the order, is in favor of the defendant Leshold Realty Corp. and against it in the principal sum of $67,120.75.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, the plaintiff's motion to vacate its default in appearing at scheduled court conferences, and for summary judgment dismissing the cause of action and counterclaim of the defendant Leshold Realty Corp. insofar as asserted against it on the ground that they had been rendered academic, is granted, the cause of action and counterclaim of the defendant Leshold Realty Corp. are dismissed insofar as asserted against the plaintiff, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In order to vacate its default in appearing at scheduled court conferences, the plaintiff was required to demonstrate both a reasonable excuse and a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *Selechnik v Law Off. of Howard R.*

*Birnbach,* 120 AD3d 1220 [2014]; *Robinson v Plaro Estates, Inc.,* 119 AD3d 542 [2014]; *9 Bros. Bldg. Supply Corp. v Buonamicia,* 106 AD3d 968 [2013]; *Star Indus., Inc. v Innovative Beverages, Inc.,* 55 AD3d 903, 904 [2008]). The determination of what constitutes a reasonable excuse generally lies within the sound discretion of the trial court (*see Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC,* 123 AD3d 986 [2014]; *9 Bros. Bldg. Supply Corp. v Buonamicia,* 106 AD3d at 969). In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits (*see Lyubomirsky v Lubov Arulin, PLLC,* 125 AD3d 614 [2015]; *Fried v Jacob Holding, Inc.,* 110 AD3d 56, 60 [2013]).

The excuse of law office failure proffered by the plaintiff's new attorney was reasonable under the circumstances of this case, including the departure of the attorney who had been handling this matter from the law firm the plaintiff's title insurer had retained to represent the plaintiff, the fact that the defaults in appearing at scheduled conferences occurred shortly after the title insurer advised the plaintiff that it would have to obtain its own counsel, the plaintiff's active participation in the litigation for nine years, the lack of willfulness, and the lack of prejudice to Leshold Realty, Corp. (hereinafter Leshold) (*see Lyubomirsky v Lubov Arulin, PLLC,* 125 AD3d 614 [2015]; *Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC,* 123 AD3d 986 [2014]; *Shin v ITCI, Inc.,* 115 AD3d 736 [2014]; *Mitrani Plasterers Co., Inc. v SCG Contr. Corp.,* 97 AD3d 552 [2012]; *Gerdes v Canales,* 74 AD3d 1017 [2010]; *Evolution Impressions, Inc. v Lewandowski,* 59 AD3d 1039 [2009]). In addition, the plaintiff demonstrated a meritorious defense to the cause of action and counterclaim asserted against it by Leshold. No relief is available to a judgment creditor on a cause of action pursuant to Debtor and Creditor Law § 276 against a party who, like the plaintiff, is not a transferee of the assets or a beneficiary of an alleged fraudulent conveyance (*see Federal Deposit Ins. Corp. v Porco,* 75 NY2d 840, 842 [1990]; *Cahen-Vorburger v Vorburger,* 41 AD3d 281 [2007]). Furthermore, the plaintiff demonstrated a potentially meritorious defense to Leshold's counterclaim for a judgment declaring its lien against the subject premises superior to the plaintiff's mortgage lien by offering evidence that both liens had been extinguished by a May 2009 tax foreclosure, the ensuing conveyance of the subject premises to a third party purchaser, and a judgment obtained by the purchaser in an action pursuant to RPAPL article 15 to

quiet title. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to vacate its default in appearing at scheduled court conferences.

The Supreme Court also should have granted that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the cause of action and counterclaim of Leshold insofar as asserted against it on the ground that they had been rendered academic. In support of that branch of its motion, the plaintiff offered evidentiary proof that Orange County foreclosed on the subject premises for nonpayment of property taxes on May 27, 2009, that the County conveyed the premises to a third-party purchaser on January 10, 2010, and that on May 11, 2011, a judgment was entered in favor of the purchaser in an action pursuant to RPAPL article 15, which barred any claims by Leshold to the subject premises. Under these circumstances, the plaintiff made a prima facie showing that any relief to which Leshold could be entitled on its cause of action pursuant to Debtor and Creditor Law § 276, and on its counterclaim, had been rendered academic. In opposition, Leshold failed to raise a triable issue of fact. Contrary to Leshold's contention, that branch of the plaintiff's motion which was, in effect, for summary judgment, was not barred by the general proscription against successive motions for summary judgment, because it was predicated upon events which occurred after the prior motion for summary judgment was made (*see Alaimo v Mongelli*, 93 AD3d 742 [2012]; *City of New York v Brooklyn, LLC*, 85 AD3d 707 [2011]). Moreover, Leshold failed to demonstrate that this branch of the plaintiff's motion was untimely (*see Brunetti v City of New York*, 286 AD2d 253 [2001]; *Cibener v City of New York*, 268 AD2d 334 [2000]). Eng, P.J., Dillon, Chambers and Barros, JJ., concur.