Prunella v Empire City Subway Co. (2018 NY Slip Op 00100)





Prunella v Empire City Subway Co.


2018 NY Slip Op 00100


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5390 111103/09

[*1]Annmarie Prunella, Plaintiff-Appellant,
v
Empire City Subway Company, et al., Defendants-Respondents, Verizon New York Inc., et al., Defendants. 
[And A Third-Party Action]


Pavlounis & Sfouggatakis, LLP, Brooklyn (Andrew G. Sfouggatakis of counsel), for appellant.
McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for Empire City Subway Company, respondent.
Zachary W. Carter, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for City respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered June 21, 2016, which, insofar as appealed from, granted the cross motion of defendant Empire City Subway Company (Empire) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Empire failed to establish its entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she tripped and fell on a defect located within a crosswalk. Empire failed to show that the work it performed in the vicinity of plaintiff's fall could not have caused the defect because it was outside the area where plaintiff stated her accident occurred (see Cosme v City of New York, 20 AD3d 320 [1st Dept 2005]; compare Flores v City of New York, 29 AD3d 356 [1st Dept 2006]). Although plaintiff did testify that she fell "[a]t least three feet" from the curb that she was approaching and Empire records show that it excavated a trench about 10 to 14 feet from the subject curb, plaintiff also stated that she was not good at measurements and twice described the accident location as being "[a]bout three-quarters" of the way across the intersection, which would be in the area of Empire's trench work.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK