New Age Medical, P.C., as Assignee of Lola Suckari, Fermin Wilson, Joseph Auguste and Teerawattie Knight, Respondent,
against
GEICO General Ins. Co., Appellant. 




Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov and Victoria Tarasova of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sharon Bourne-Clarke, J.), entered November 14, 2018. The order denied defendant's motion to vacate a judgment of that court entered March 13, 2017 upon defendant's failure to appear or answer the complaint and, in effect, to extend defendant's time to answer and direct plaintiff to accept a corrected answer.




ORDERED that the order is affirmed, with $25 costs. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff served the summons and complaint on defendant on October 31, 2016. A default judgment was entered on March 13, 2017 based on defendant's failure to answer the complaint or otherwise appear in the action. In December 2017, defendant moved to vacate the default judgment, arguing that it had timely answered the complaint, albeit with the wrong index number, and annexing an affidavit of service which demonstrated that defendant had served that answer on November 30, 2016. Defendant further contended that it had potentially meritorious defenses to the action, in that the provided services lacked medical necessity and the limits of the insurance policy had been exhausted. In opposition, plaintiff annexed a letter dated December 9, 2016 [*2]from its attorney's office rejecting defendant's answer because the answer contained the wrong index number. Plaintiff asserted that defendant had not submitted a new answer with the corrected index number until December 13, 2017. Plaintiff also argued that defendant had failed to assert a potentially meritorious defense, and that, as a result, the default judgment should not be vacated. By order entered November 14, 2018, the Civil Court denied defendant's motion, finding that defendant had not proffered a reasonable excuse for failing to timely interpose an answer.
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay" in answering the complaint (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2005]; see Gately v Drummond, 161 AD3d 947 [2018]; Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907, 908 [2015]).
Upon the record presented, we agree with the Civil Court that defendant failed to explain why defendant had waited a year after its initial answer was rejected before serving a new answer bearing the correct index number. Consequently, we find that defendant failed to demonstrate a reasonable excuse for its default and, therefore, we need not consider whether defendant offered a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724 [2013]).
Accordingly, the order is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 28, 2020