Mejia v Unique Dev. Holding Corp (2020 NY Slip Op 06863)





Mejia v Unique Dev. Holding Corp


2020 NY Slip Op 06863


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 20675/16E Appeal No. 12447 Case No. 2020-01335 

[*1]Santos Mejia, Plaintiff-Respondent,
v
Unique Developers Holding Corp, Defendant, Certified Lumber Corporation Doing Business as Certified Lumber & Home Center, Defendant-Respondent, Montrose Park, LLC, Defendant-Appellant.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Brian M. Healy of counsel), for appellant.
Robert G. Goodman, P.C., New York (Robert G. Goodman of counsel), for Santos Mejia, respondent.
Pillinger Miller Tarallo, LLP, Garden City (Neil L. Sambursky of counsel), for Certified Lumber Corporation, respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 10, 2019, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, denied defendant Montrose Park, LLC's (Montrose) cross motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims, and [*2]granted defendant Certified Lumber Corporation d/b/a Certified Lumber & Home Center's (Certified) cross motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously modified, on the law, to reinstate plaintiff's common-law negligence claim as against Certified, and Montrose's cross claims for common-law contribution and indemnification against Certified, and otherwise affirmed, without costs.
Plaintiff sustained injuries when a load of lumber fell from a pallet that was being hoisted onto the roof of a newly constructed five-story apartment building. While plaintiff was signaling to the boom truck driver where to lower the load, the metal bands securing the lumber "burst," causing the lumber to fall, and a piece to rebound off the floor and strike plaintiff. Defendant Montrose owned the building, Unique Developers Holding, Inc. (Unique) was the general contractor, and defendant Certified supplied and delivered the lumber. Plaintiff was responsible for cleaning debris and receiving deliveries.
The court properly granted plaintiff partial summary judgment on the Labor Law § 240(1) claim. The record establishes that plaintiff was engaged in an activity enumerated under Labor Law § 240(1). Notwithstanding plaintiff's testimony that the building had been completed, he also testified that he saw five or six workers still working on the roof at the time of the accident. Moreover, a manager from Unique testified that the building was "almost done." The affidavit of Montrose's principal averring that the building was "already completed," and that the lumber was used only for furniture and nonstructural fencing, is insufficient to raise a triable issue of fact. Rather, it was submitted to raise a feigned issue of fact, as it contradicts Unique's manager's testimony that that the building was not yet completed (see Perez v Pinnacle Group, Inc., 172 AD3d 525, 526 [1st Dept 2019]; Laniox v City of New York, 170 AD3d 519, 520 [1st Dept 2019], affd 34 NY3d 994 [2019]). In any event, Montrose's principal's affidavit is deficient for lack of personal knowledge of the construction activities (see Clarke v American Truck and Trailer, Inc., 171 AD3d 405, 406 [1st Dept 2019]; Castro v New York Univ., 5 AD3d 135, 136 [1st Dept 2004]), in view of Unique's manager's testimony that nobody from Montrose regularly inspected the site, and that he had never met anybody from Montrose onsite. Furthermore, plaintiff's job of receiving the delivery of construction material at the time of the accident was a covered activity, as it was "ancillary to" the construction work (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]). For the same reason, Montrose was not entitled to dismissal of the Labor Law § 241(6) claim.
The record raises triable issues of fact as to whether Certified was negligent in securing or unloading the lumber, since the deposition testimony of the Certified employee who delivered the lumber was ambiguous and contradictory as to whether he inspected the metal bands before delivering them to the roof (see Cosme v City of New York, 20 AD3d 320, 322 [1st Dept 2005]). Accordingly, plaintiff's common-law negligence claim and Montrose's cross claims for common-law contribution and indemnification against Certified are reinstated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020