SC Park Lane II, LLC v Dickinson (2025 NY Slip Op 01964)

SC Park Lane II, LLC v Dickinson

2025 NY Slip Op 01964

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-05447
 (Index No. 701557/20)

[*1]SC Park Lane II, LLC, plaintiff, 
v
Patsy James Dickinson, respondent, et al., defendants; Palm Avenue Hialeah Trust, etc., nonparty-appellant.

Ross Eisenberg Law, PLLC, Cedarhurst, NY, for nonparty-appellant.
Howard J. Goldstein, Floral Park, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Palm Avenue Hialeah Trust appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated December 20, 2022. The order, in effect, denied those branches of that nonparty's motion which were for summary judgment on the complaint insofar as asserted against the defendant Patsy James Dickinson, for an order of reference, and to amend the caption to substitute itself as the plaintiff.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and those branches of the motion of nonparty Palm Avenue Hialeah Trust which were for summary judgment on the complaint insofar as asserted against the defendant Patsy James Dickinson, for an order of reference, and to amend the caption to substitute itself as the plaintiff are granted.
The plaintiff, SC Park Lane II, LLC, commenced this action to foreclose a mortgage against, among others, the defendant Patsy James Dickinson (hereinafter the defendant). The defendant interposed an answer asserting several affirmative defenses, including that the action was barred by the six-year statute of limitations and that an earlier action pursuant to RPAPL article 15 was a prior attempt to collect on the note. The plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated March 22, 2022, the Supreme Court denied the motion. During the pendency of the plaintiff's motion, the plaintiff assigned its interest in the mortgage to nonparty Palm Avenue Hialeah Trust (hereinafter Palm Avenue).
Thereafter, Palm Avenue moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, for an order of reference, and to amend the caption to substitute itself as the plaintiff in place of its predecessor in interest. In an order dated December 20, 2022, the Supreme Court, in effect, denied those branches of Palm Avenue's motion. Palm Avenue appeals.
"'Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause'" (U.S. Bank N.A. v Kelly, 223 AD3d 932, 934, quoting Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475). However, successive motions for summary judgment may be entertained when that motion is "substantively valid and the granting of the motion will further the ends of justice and eliminate an [*2]unnecessary burden on the resources of the court" (Aurora Loan Servs., LLC v Yogev, 194 AD3d 996, 997 [internal quotation marks omitted]; see American Equity Ins. Co. v A & B Roofing, Inc., 106 AD3d 762, 763).
Here, the summary judgment motion made by Palm Avenue "was not barred by the general proscription against successive motions for summary judgment" (Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907, 909; see Aurora Loan Servs., LLC v Yogev, 194 AD3d at 997). Palm Avenue's motion was substantively valid (see American Equity Ins. Co. v A & B Roofing, Inc., 106 AD3d at 763), and granting Palm Avenue's motion would further the interest of justice and eliminate an unnecessary burden on the courts, because entertaining the motion did not involve the review of multiple disputed issues (see Aurora Loan Servs., LLC v Yogev, 194 AD3d at 997; American Equity Ins. Co. v A & B Roofing, Inc., 106 AD3d at 763).
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Wells Fargo Bank, NA v Apt, 179 AD3d 1145, 1147). Here, in support of that branch of its motion which was for summary judgment insofar as asserted against the defendant, Palm Avenue produced the mortgage, the unpaid note, and evidence of default (id.). In opposition, the defendant failed to raise a triable issue of fact.
The Supreme Court improvidently exercised its discretion in, in effect, denying that branch of Palm Avenue's motion which was to amend the caption and to substitute itself as the plaintiff. The record evidences that the plaintiff assigned its interest in the mortgage to Palm Avenue after this action was commenced (see Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan, 67 AD3d 750, 751).
The defendant's request, in effect, for sanctions against Palm Avenue and its counsel is without merit (see C.C. v Vargas, 201 AD3d 699, 701; see also Guliyev v Banilov & Assoc., P.C., 221 AD3d 589, 591).
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court